UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIA TEAGUE, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:19-cv-940 |
| v. | § | |
| | § | |
| OMNI HOTELS MANAGEMENT | § | JURY TRIAL DEMANDED |
| CORPORATION, and | § | |
| TRT HOLDINGS, INC. | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Julia Teague ("Teague" or "Plaintiff"), files this Original Complaint against Defendants Omni Hotels Management Corporation and TRT Holdings, Inc. (collectively "Omni" or "Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k); the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 et seq. ("TCHRA"); and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"), and for causes of action would show as follows:

## I.   PARTIES

1. Plaintiff Julia Teague is an individual currently residing in Travis County, Texas.

2. Defendant Omni Hotels Management Corporation is an active foreign for-profit corporation that is authorized to do business in Texas and is doing business in Texas. Defendant has offices at 8212 Barton Club Drive, Austin, Texas 78735. Defendant may be served with process by service on its registered agent for service, Corporation Service Company DBA, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Defendant TRT Holdings, Inc. is an active foreign for-profit corporation that is authorized to do business in Texas and is doing business in Texas. Defendant has offices at 8212 Barton Club Drive, Austin, Texas 78735. Defendant may be served with process by service on its registered agent for service, Corporation Service Company DBA, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION

4. This Court has subject matter jurisdiction because Plaintiff is asserting claims arising under federal law. Specifically, she is asserting claims arising under Title VII and the FMLA. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims arising under Texas statutory law.

6. Plaintiff has completed all conditions precedent to filing this suit. She has received a notice of right to sue letter from the Equal Employment Opportunity Commission fewer than ninety days before filing this suit.

## III. VENUE

7. Venue is proper in the Austin Division of the United States District Court for the Western District of Texas because a substantial part of the events or omissions giving rise to the claims occurred in the district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. FACTUAL ALLEGATIONS

8. It has been 40 years since the Pregnancy Discrimination Act made discrimination against pregnant employees illegal. However, a recent survey of over 1000 women found that while over half of pregnant women surveyed needed a change in work schedule or time off, more than one in four did not ask their employers about it, possibly out of fear of retaliation or

reprisal. http://www.nationalpartnership.org/our-work/resources/workplace/pregnancy-discrimination/listening-to-mothers-experiences-of-expecting-and-new-mothers.pdf

9. Julia Teague worked for over a decade in the hotel-specific hospitality industry.

10. Teague began working at Barton Creek Resort & Spa (the "Resort") in 2012 for its prior owners as the Director of Marketing Communications.

11. The Resort is a luxury hotel and destination for weddings, corporate retreats and meetings, gala events, and private golf tournaments.

12. In or around July 2013, Omni Hotels & Resorts acquired Barton Creek Resort & Spa.

13. Omni retained Teague and transitioned her title to Director of Marketing.

14. In each year since 2014, Omni increased Teague's salary.

15. In April 2015, Omni presented Teague with the Sales Leadership Award for 2014 Director of Marketing of the Year across all properties that have the position.

16. Omni's own records show that Teague was performing at a high level.

17. Teague continued to perform above expectations during her entire time as an employee at Omni Barton Creek Resort & Spa.

18. Omni never disciplined Teague for poor performance during her tenure.

19. Omni never gave Teague a single negative performance review during her tenure.

20. Teague was, by all accounts, a successful Director of Marketing for Omni.

21. In 2017, Omni planned renovations on the Resort.

22. Before those planned renovations on the Resort began, Omni told Teague that the Resort would stay open during the renovations.

23. In June 2017, Omni informed members of the Resort Executive Committee (which included Teague as an extended member) of potential closures at the Resort during the renovations.

24. The Resort's Managing Director informed the members of the Executive Committee, including Teague, that they would be safe from any layoffs due to the Resort closure.

25. In June 2017, Teague was thrilled to learn she was pregnant.

26. Shortly after, Teague notified her supervisor and the Resort's male Managing Director of her pregnancy.

27. On or around August 2017, Omni received and processed Teague's FMLA paperwork for planned leave following the expected birth of her baby in February 2018.

28. On or around November 2017, Omni Barton Creek Resort & Spa began renovations.

29. On or about January 29, 2018, the male Managing Director informed Teague that the Resort would close for renovations at the end of April 2018.

30. On or about January 29, 2018, the male Managing Director also told Teague that her position, Director of Marketing, would be eliminated, and her last day of employment with Omni would be April 30, 2018.

31. Omni delivered this news to Teague right before her baby was due.

32. The end of April 2018 was also the time period in which Teague's FMLA leave was expected to end.

33. The same day Omni informed Teague of her layoff, her supervisor commented that as a result of her layoff, she would have more time to spend with her baby.

34. Omni told Teague that the Director of Marketing Position was being eliminated.

35. However, Omni never eliminated the Director of Marketing position.

36. Instead, on or about June 1, 2018, just weeks after her layoff, Teague received a text from her former supervisor, who told her that, after "pushing for a while," she had received approval to post the job listing for the Director of Marketing position to hire in July or August.

37. This was the same position as the one Teague was in until Omni fired her on April 30, 2018.

38. In or around June 2018, Teague went to lunch with Omni's Corporate Director of Marketing, who attempted to discourage Teague from applying for the position.

39. Teague expressed interest in the position, applied anyway, and was interviewed by her former supervisor and a corporate recruiter.

40. Omni slightly changed the position's job description, but it was the same title with the same key essential functions as the Director of Marketing position that Teague held for six successful years before she was laid off just after going on pregnancy-related FMLA leave.

41. The position included the same essential job functions as the Director of Marketing position Teague held for six years during which she received outstanding ratings for her excellent, award-winning performance.

42. However, on or around November 6, 2018, Omni notified Teague that she would not be re-hired for the job.

43. Omni passed Teague over for a position for which she had the most experience and was the most qualified to perform—her own position.

44. Omni passed Teague over for a position she held earlier that very same year, after laying her off and claiming that the position had been eliminated entirely.

45. Omni refused to re-hire Teague, and instead replaced her with a person who lacked any hospitality industry experience.

46. On information and belief, Teague's replacement would only last approximately five months in the position before putting in her notice prior to the Resort's grand re-opening.

47. At no time did Omni reach out to Teague to alert her to the newly open position after her replacement's swift departure.

48. On information and belief, Omni made no attempt to find alternative positions elsewhere within the company for Teague during the Resort closure, rather than lay her off, despite doing so for other similarly situated male employees.

## V. CAUSE OF ACTION: PREGNANCY DISCRIMINATION IN VIOLATION OF THE TEXAS LABOR CODE AND TITLE VII OF THE CIVIL RIGHTS ACT

49. Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

50. Plaintiff was pregnant at the time of Defendant's decision to terminate her employment.

51. Plaintiff was qualified for her position.

52. Plaintiff suffered an adverse employment action in having her employment terminated.

53. Plaintiff's pregnancy and FMLA leave were factors in Omni's decision to take adverse employment action against Plaintiff when it did.

54. Plaintiff's pregnancy and FMLA leave were also factors in Omni's failure to re-hire her to the same position when it did.

55. Defendant's conduct violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and/or the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 et seq.

## VI. CAUSE OF ACTION: RETALIATION AND INTERFERENCE WITH LEAVE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

56. Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

57. Defendant violated the FMLA by interfering with Plaintiff's leave and retaliating against Plaintiff for seeking treatment and leave for a serious health condition. 29 U.S.C. § 2601 *et seq*.

58. Under 29 U.S.C. § 2615(a)(1), it is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA.

59. Defendant is an employer under the FMLA. Defendant engages in commerce or the production of goods for commerce, or has employees engaged in commerce or in the production of goods for commerce. Defendant had more than 50 employees in each of 20 or more calendar weeks during the year in which Plaintiff was terminated, or in the preceding calendar year.

60. Plaintiff was employed by Defendant at a work site with more than 50 employees employed by Defendant within a 75-mile radius.

61. At all times relevant to this suit, Plaintiff was an eligible employee under the FMLA. Plaintiff was employed by Defendant for at least 12 months and for at least 1,250 hours of service during the 12-month period preceding her request for leave.

62. Plaintiff was entitled to leave under the FMLA. Plaintiff suffered a serious health condition and had not taken 12 weeks off work during the 12-month period prior to the onset of her serious health condition.  Pregnancy is a qualifying condition under the FMLA.

63. Plaintiff's request for leave was a factor in Omni's decision to take adverse employment action against Plaintiff when it did.

64. Defendant terminated Plaintiff's employment in retaliation for her taking FMLA-protected leave.

## VII.  DAMAGES

65. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits and lost tenure and other benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and

future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses. Plaintiff also seeks liquidated damages pursuant to the FMLA.

## VIII. COMPENSATORY DAMAGES

66. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## IX. PUNITIVE DAMAGES

67. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## X. ATTORNEY'S FEES AND EXPERT FEES

68. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## XI. DEMAND FOR JURY TRIAL

69. Plaintiff demands a trial by jury of all the issues in this case and tenders herewith the requisite jury fee.

## XII. PRAYER FOR RELIEF

70. WHEREFORE, cause having been shown, Plaintiff prays for, on trial of this just cause, judgment against Defendant as follows:

a.  All actual damages, including but not limited to past and future lost wages, past and future lost benefits, lost benefits of contract, consequential damages, reinstatement of lost fringe benefits or seniority rights;

b.  Liquidated damages pursuant to the FMLA;

c.  Mental anguish / compensatory damages;

d.  Exemplary / punitive damages;

e.  Pre-judgment and post-judgment interest as allowed by law;

f.  Court costs and expenses, and litigation expenses, including but not limited to the expenses for any expert witnesses;

g.  Equitable relief, including reinstatement, front pay;

h.  Attorneys' fees; and

i.  Any such further relief as the Court deems proper and just under the circumstances.

Respectfully Submitted,

**KAPLAN LAW FIRM, PLLC**
406 Sterzing Street
Austin, Texas 78704
Telephone: (512) 553-9390
Telecopier: (512) 692-2788
www.kaplanlawatx.com

By: */s/ Austin Kaplan*
**Austin Kaplan**
State Bar No. 24072176
akaplan@kaplanlawatx.com