UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JULIA TEAGUE,<br>Plaintiff,<br><br>v.<br><br>OMNI HOTELS MANAGEMENT<br>CORPORATION, and<br>TRT HOLDINGS, INC.<br>Defendants. | §<br>§<br>§<br>§   CIVIL ACTION NO. 1:19-cv-940-JRN<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S AFFIRMATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Julia Teague ("Plaintiff" or "Teague") moves this court for an order granting partial summary judgment on certain affirmative defenses[1] of Defendants Omni Hotel Management Corporation's and TRT Holdings, Inc.'s (collectively, "Omni" or the "Company") , and in support states as follows:

## I.   INTRODUCTION

This is a pregnancy discrimination case brought by an award-winning Director of Marketing who Defendants fired right before she went into labor and replaced with someone else just months after her baby was born.  Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k); the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 *et seq.* ("TCHRA"); and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

## II.   SUMMARY OF THE FACTS

Teague served as the Director of Marketing (originally titled "Director of Marketing Communications" from 2012 to around July 2013) at Barton Creek Resort & Spa (the "Resort")

---

[1] Those asserted in Paragraphs 71, 72, 73, 78, 82, and 83 of Defendants Answer to Plaintiff's Original Complaint (Clerk's Dkt. No. 5).

from 2012 until her termination on April 30, 2018 by Omni and TRT.[2] Teague joined the Resort in April 2012 as the Director of Marketing Communications.[3] Around July 2013, Omni bought the resort and decided to retain Teague at her position, only changing the title of her job to Director of Marketing.[4] During her tenure working for Omni, Teague received consistent praise for her work. In fact, Omni awarded Teague with the Sales Leadership Award for 2014 Director of Marketing of the Year across all properties that have the position in April 2015.[5] By all accounts, Teague was an exceptional worker for Omni.[6]

Defendants notified her on January 29th, right before she was due to delivery her baby, that they were separating her employment.[7] She then took FMLA leave.[8] Defendants failed to return her to any meaningful work in her position or a similar one following her FMLA leave."[9] Defendants did not provide training to their employees about how to comply with the FMLA.[10]

After Omni fired her, Teague engaged in a diligent job search, including contacting employers, recruiters, and friends, networking, making applications, going on interviews, and ultimately accepting a new job with a different company.[11] Teague also applied for her own position back at the Resort, but Defendants refused to reinstate or otherwise hire her.[12]

### III.   STANDARD OF REVIEW

Summary judgment is proper when the "pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Williams v. Bramer*, 180 F.3d 699, 702 (5th Cir.), *decision clarified on reh'g*, 186 F.3d 633 (5th Cir. 1999). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The moving party bears the initial burden of

---

[2] First Deposition of Julia Teague, attached as Ex. "1," at 14:13-24, 139:23-25.
[3] Ex. "1" at 14:22-24.
[4] Ex. "1" at 15:11-21.
[5] Ex. "1" at 197:4-8.
[6] Ex. "2," Excerpt from the Deposition of Carissa Smith, 24:19-25:5.
[7] Ex. "1" at 164:90.
[8] Ex. "1" at165:12-14.
[9] Ex. "1" at 137:16-24.
[10] Ex. "3," Excerpt from the Deposition of David Jurcak, 14:9-23.
[11] Ex. "1" at 149:7-150:23, 228:13-25.
[12] Ex. "1" at 202:1-21.

demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must use affidavits, depositions, answers to interrogatories, and admissions to designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324; *see also* FED. R. CIV. P. 56(e). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

### IV. ARGUMENT

Plaintiff moves for summary judgment on certain affirmative defenses, as follows:

**A. Affirmative Defenses**

The following is a chart of Defendant's asserted affirmative defenses and reasons each should be dismissed as a matter of law, followed by detailed discussion of each:

| Heading | Answer Paragraph # | Affirmative Defense Alleged | Reason for Dismissal |
|---|---|---|---|
| 1 | 71 | Failure to mitigate | Defendants cannot meet their 'failure to mitigate' burden |
| 2 | 72 | Estoppel and waiver | No such defenses to these claims |
| 3 | 73 | Front-pay too speculative | No such defense to these claims |
| 4 | 78 | No liquidated damages because Defendants acted in good faith | Defendants cannot provide evidence of good faith where they failed to train managers on compliance with the specific laws at issue |
| 5 | 82 | Plaintiff not prevented from obtaining FMLA benefits | No such defense to these claims, and Plaintiff was prevented from FMLA benefits of reinstatement to her job or similar |
| 6 | 83 | No punitive damages because Defendants acted in good faith | Defendants cannot provide evidence of this defense where it failed to train managers on compliance with the specific laws at issue |

**1. Defendants Cannot Carry their Evidentiary Burden on the Failure to Mitigate Defense.**

Defendants assert a failure to mitigate affirmative defense: "Plaintiff has failed to mitigate her damages." (Clerk's Dkt. No. 5 ¶ 71). It is Defendants' burden to plead and prove the affirmative defense of failure to mitigate. *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972) (*citing Hegler v. Bd. of Educ.*, 447 F.2d 1078, 1081 (8th Cir. 1971) (The defendant "has to show not only that the plaintiff[] failed to use reasonable care and diligence, but that there were jobs available which

[plaintiff] could have discovered and for which she was qualified.")

To establish this defense, Defendants must show that Plaintiff failed to use "'reasonable diligence' to obtain 'substantially equivalent' employment." *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 936 (5th Cir. 1996), cert. denied, 117 S.Ct. 767 (1997) (*citing Ford Motor Co. v. EEOC*, 458 U.S. 219, 232 (1982)). Defendants must prove there existed "[s]ubstantially equivalent employment," defined as "'employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the [plaintiff was] discriminatorily terminated.'" *Id.* (quoting *Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir.), *cert. denied*, 498 U.S. 987 (1990)). Defendants must also prove that there were substantially equivalent jobs available to Plaintiff to which she did not apply. *Sparks*, 460 F.2d at 443 ("[T]he [defendants] do not claim that at trial it was proved that there were teaching jobs available for which [the plaintiff] would have qualified had he applied. It merely asserts that [the plaintiff] did not expend sufficient effort to find other teaching employment. [This] position is without legal justification."); *Mallek v. City of San Benito*, 121 F.3d 993, 997 (5th Cir. 1997) (discussing the burden of defendant to show employment offer was substantially equivalent to the plaintiff's initial contract with the City).

First, Defendants' defense fails as a matter of law because they cannot provide any evidence that Plaintiff rejected any employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which Teague was terminated. Here, Plaintiff found another job at Marriott after Defendants fired her and found another job at Meritage Homes later that year.[13]

Second, Defendants' claim fails because it cannot show that there were substantially equivalent jobs available to Plaintiff to which she did not apply. Plaintiff requested all of Defendant Omni's documents proving this defense. Omni produced none.[14] No further supplement has been provided. Defendant Omni has not identified any substantially equivalent jobs available to Plaintiff to which she did not apply. The record confirms instead that Teague applied for her own position

---

[13] Ex. "1" at 19:8-21:20.
[14] *See* Ex. "4" Def's. Answers to Pl.'s First Requests for Production. ("Def's. RFPs.") ¶ 11. Defendant responded: "Defendant objects to this request because the discovery sought can be obtained from another source that is more convenient, less burdensome, or less expensive, namely Plaintiff herself. Defendant further objects that this request asks for information that is outside the scope of discovery and not proportional to the needs of the case because Plaintiff's ability to obtain the information is similar, if not better, to that of Defendant. Subject to, and without waiving the foregoing objections, Defendant does not have possession, custody, or control of responsive documents that have not already been produced in this case."

back at the Resort, but Defendants refused to reinstate or otherwise hire her.

Third, Defendants' claim fails because Defendants cannot show Plaintiff failed to use reasonable diligence in her job search. Courts have found that an employer fails to meet its burden of proving the lack of reasonable effort when the plaintiff testified that she contacted several employment websites (such as indeed.com), registered with a local job line, sent out resumés, interviewed with employers, and registered with temporary staffing services. *Miles-Hickman v. David Powers Homes, Inc.*, 613 F. Supp. 2d 872, 887-89 (S.D. Tex. 2009); *see also Dibler v. Metwest, Inc.*, No. 3:95-CV-1046, 1997 WL 222910, at *2 (N.D. Tex. April 29, 1997) (plaintiff used reasonable diligence in her job search where she called colleagues, attended a seminar, sent resumés, networked, and answered want ads).

The record reflects that Plaintiff engaged in a diligent job search, including contacting employers, recruiters, and friends, networking, making applications, going on interviews, and ultimately accepting a new job with a different company.[15] Defendants have no evidence to the contrary. Because Defendants cannot meet their evidentiary burden for this defense, summary judgment should be granted.

## 2. Wavier and Estoppel are Not Defenses to the Claims in this Case.

In Paragraph 72 of its Answer, Defendants allege: "By reason of her conduct, actions and statements, Plaintiff is estopped from asserting, or has waived her claims herein." (Clerk's Dkt. No. 5 ¶ 72). Summary judgment is appropriate on this defense for two reasons. First, waiver and estoppel are not relevant defenses to the statutory employment law claims (FMLA, Title VII, Chapter 21 of the Texas Labor Code) in this case.

Second, even if these were affirmative defenses, Defendants have no facts to support them. When asked to clarify in the first set of interrogatories, Defendant Omni responded:

> INTERROGATORY NO. 7:
>
> Identify the principal factual bases for Defendant's contention, in ¶ 72 of the Defenses and/or Affirmative Defenses section of Defendant's Answer to Plaintiff's Original Complaint, that "[b]y reason of her conduct, actions and statements, Plaintiff is estopped from asserting, or has waived her claims herein."
>
> ANSWER:
>
> Defendant has not completed its investigation of the claims in this lawsuit and

---

[15] Ex. "1" at 149:7-150:23, 228:13-25.

> discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff failed to timely assert her claim of pregnancy discrimination. Defendant will supplement its answer to this interrogatory in accordance with the Federal Rules of Civil Procedure.[16]

Defendants can provide no evidence that Plaintiff's acts or omissions had any bearing on the legality of Defendants' decisions to terminate her and refuse to restore her to the position because of FMLA leave, pregnancy, and assumed caregiving needs. Summary judgment is therefore proper on this affirmative defense.

### 3. "Too Speculative" is Not a Defense to Plaintiff's Claims for Front Pay.

In Paragraph 73 of its Answer, Defendants allege: "Plaintiff's claims for front pay are too speculative to be permitted." (Clerk's Dkt. No. 5 ¶ 73). Plaintiff's Title VII and Chapter 21 claims both permit her to recover front pay. 42 U.S.C. § 2000e–5(g)(1) (2001); *Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 44 (5th Cir.1992) (Title VII); *Jackson v. Host Intern., Inc.*, 426 Fed. Appx. 215, 223 (5th Cir. 2011) (Chapter 21). The amount is set by either judge or jury but an assertion that "Plaintiff's claims for front pay are too speculative" is not an affirmative defense. For those reasons, summary judgment is appropriate on this defense.

### 4. Defendants Cannot Show Good Faith Compliance Without Training.

In Paragraph 78 of its Answer, Defendants allege: "Plaintiff is not entitled to liquidated damages because Defendants acted in good faith with regard to Plaintiff, had reasonable grounds for believing their actions were not in violation of any law, and have made good faith efforts to comply with the FMLA." (Clerk's Dkt. No. 5 ¶ 78). The FMLA provides that an employer shall be liable for damages and liquidated damages, and if an employer proves good faith, the district court may reduce the amount of liquidated damages. *See* 29 U.S.C. § 2617(a). The FMLA does not define "good faith" and so courts look to the similar provision in the Fair Labor Standards Act for guidance in interpreting the standard for this affirmative defense. *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999).

To meet their burden on this affirmative defense, Defendants must show they took affirmative steps or otherwise trained their employees to comply with the FMLA. *See e.g., Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468-69 (5th Cir. 1979) (citing duty to

---

[16] See Ex. "5," Def's. Answers to Pl.'s First Interrogatories. ("Def's. Interrogs.") ¶ 7.

investigate FLSA application). Here, Defendants did not provide training to their employees to comply with the FMLA, and therefore Defendants' actors could have no good faith belief that their actions complied with the law.[17] Defendants can point to no evidence of training the decision-makers in this case to comply with the FMLA, or any other investigation of compliance with the FMLA.  For those reasons, summary judgment is appropriate.

5. **Plaintiff was Prevented from the FMLA Benefit of Reinstatement to Her Position or a Similar One.**

In Paragraph 82 of its Answer, Defendants allege: "Plaintiff was not prevented from obtaining FMLA benefits." (Clerk's Dkt. No. 5 ¶ 82).  This is an element of Plaintiff's claim, not an affirmative defense.  *See Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). Even if it was an affirmative defense, Defendants cannot show Plaintiff was prevented from obtaining FMLA benefits where Defendants failed to return her to any meaningful work in her position or a similar one following her FMLA leave."[18]

6. **Defendants Cannot Bar Plaintiff's Punitive Damages Claims Where They Failed to Train Their Managers**

In Paragraph 83 of its Answer, Defendants allege: "Plaintiff is barred from punitive damages because any alleged retaliatory or discriminatory acts on the part of Defendants' managerial employees were contrary to the Defendants' good faith efforts to comply with the law by implementing and enforcing policies and programs designed to prevent unlawful discrimination." (Clerk's Dkt. No. 5 ¶ 83).

Defendants failed to train managers on compliance with the FMLA or pregnancy discrimination laws applicable in this case.[19] Therefore, Defendants cannot show good faith efforts to prevent discrimination. For those reasons, summary judgment is appropriate.

## V.   PRAYER

Wherefore, Plaintiff respectfully prays that this Court grants Plaintiff's motion for partial summary judgment and for all other relief that is necessary and proper.

---

[17] Ex. "3," Excerpt from the Deposition of David Jurcak, 14:9-23.
[18] Ex. "1" at 137:16-24.
[19] See Ex. "3," Excerpt from the Deposition of David Jurcak, at 14:9-23.

Respectfully Submitted,

**KAPLAN LAW FIRM, PLLC**
406 Sterzing Street
Austin, Texas 78704
Telephone: (512) 553-9390
Telecopier: (512) 692-2788
www.kaplanlawatx.com

By: */s/ Austin Kaplan*
**Austin Kaplan**
State Bar No. 24072176
akaplan@kaplanlawatx.com