# Exhibit "2"

# Transcript of the Testimony of

# Carissa Smith

## Date:

March 04, 2020

## Case:

Julia Teague vs Omni Hotels Management Corporation

Carissa Smith                                                                  March 04, 2020
                                                                               Pages 22 to 25

Page 22
1    A.  It -- no.  It was not my role to do so.
2        (Exhibit 1 marked.)
3    Q.  I'm going to show you what I'm marking as Exhibit 1.
4  If you'd like to take a look, and then ultimately flip to 241.
5        MS. POWITZKY:  Thank you.
6    Q.  Can you tell what these images appear to be?
7    A.  These are text messages between me and Julia.
8    Q.  And have you flipped to TEAGUE241?
9    A.  I have.
10   Q.  And can you tell what time period these text messages
11 are from on that Page 241 there?
12   A.  February 2nd.
13   Q.  Do you know when Julia gave birth?
14   A.  I believe February 2nd, but I don't know for a fact.
15   Q.  Do you see that text there that says, "Let me know if
16 you have any CS positions available.  I have a rock star."
17   A.  Yes.
18   Q.  What is that text messages?
19   A.  It is a -- looks like it was meant for someone else,
20 but I don't remember who.
21   Q.  You don't remember sending that text message?
22   A.  I do not remember sending that text message.
23   Q.  Do you remember who you're referring to in that text
24 message?
25   A.  I don't.

Page 23
1    Q.  Can you tell what you're trying to do in that text
2  message?
3    A.  I would have to understand the context of the text
4  message to say that.  I know that in my role, I not only manage
5  people but I also hire people.  I do know that our human
6  resources department was responsible for relocating people.  I
7  don't know the circumstances around this.  I can't remember
8  what the conference services people did in the reduction in
9  force.  We had some people stay through April 30th, but I can't
10 remember how many.
11   Q.  Got you.
12       CS there.  Would you say that's conference
13 services?
14   A.  Yes.
15   Q.  So it looks like you're potentially trying to find a
16 conference service position for someone?
17   A.  Yes, that appears to be the case.
18   Q.  Is that -- do you know if that someone was someone
19 that was included in the reduction in force?
20   A.  I don't know.
21   Q.  Switching gears a little bit, I'd like to talk about
22 the re-hiring of the director of marking position.
23   A.  Uh-huh.
24   Q.  Was Julia considered as a legitimate candidate for
25 the director of marketing position?

Page 24
1        MS. POWITZKY:  Objection.  Form.
2    A.  Yes.
3    Q.  You considered Julia a legitimate candidate for that
4  position?
5    A.  Yes.
6    Q.  When the director of marketing position was re-hired,
7  it had the same title as when Julia held it?
8    A.  Yes.
9    Q.  Julia had been -- how long had Julia been in the
10 director of marketing position, in your understanding?
11   A.  I believe since she started.  Well, I know that when
12 she first started and the property was owned by KSL, I believe
13 her title was director of marketing communications, and Omni
14 commonly refers to their marketing roles as just director of
15 marketing.  So she held the title of director of marketing
16 since the acquisition, is my understanding.
17   Q.  Okay.  As long as you've been there, effectively?
18   A.  Yes, uh-huh.
19   Q.  Was she a good director of marketing?
20   A.  She was a good director of marketing, and based on
21 our level of expectations --
22   Q.  Okay.
23   A.  -- at that time.
24   Q.  And -- so that would be -- in your opinion, was she a
25 good director of marketing?

Page 25
1        MS. POWITZKY:  Objection.  Form.
2    A.  In my opinion, her performance reviews state a very
3  comprehensive feedback on Julia.  Over all, while every one has
4  room for improvement, over all, for what we needed, she was a
5  good director of marketing.
6    Q.  Were you involved in the hiring decision for the
7  director of marketing role?
8    A.  Initially I was.  And I -- initially, I was tasked
9  with filling the position.  At one point, that responsibility
10 was removed from me.  And it was going to go to a general
11 manager to make the decision, in the absence of a GM that went
12 to our corporate marketing department.  Although I was able to
13 provide recommendations, I was not the ultimate decision maker
14 for the final candidate that was hired.
15   Q.  Who was the ultimate decision maker for that
16 candidate?
17   A.  Our general manager would have been the ultimate
18 decision maker.
19   Q.  And who was the GM at that time who made the
20 decision?
21   A.  Todd Raessler had just begun with the hotel.
22   Q.  You said initially you were involved in the hiring
23 decision?
24   A.  Correct.
25   Q.  What was that?  What's the initial time period that

Carissa Smith

March 04, 2020
Pages 134 to 137

## Page 134

```
1                    SIGNATURE PAGE
2           WITNESS NAME: CARISSA SMITH
3           DATE:  WEDNESDAY, MARCH 4, 2020
4  PAGE  LINE  CHANGE            REASON
5  _____
6  _____
7  _____
8  _____
9  _____
10 _____
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19 _____
20 _____
21 _____
22 _____
23 _____
24 _____
25 _____
```

## Page 135

```
1                    SIGNATURE PAGE
2          I, CARISSA SMITH, have read the foregoing deposition
3  and hereby affix my signature that same is true and correct,
4  except as noted on the correction page.
5
6              _____
                       CARISSA SMITH
7
8  THE STATE OF _____ )
9  COUNTY OF _____  )
10           Before me _____ on this day
11 personally appeared _____ known to me [or
12 proved to me on the oath of _____ or through
13 _____ (description of identity card or other
14 document)] to be the person whose name is subscribed to the
15 foregoing instrument and acknowledged to me that he/she
16 executed the same for the purposes and consideration therein
17 expressed.
18          Given under my hand and seal of office this
19 _____ day of _____, 2020.
20            _____
21             NOTARY PUBLIC IN AND FOR
22                 THE STATE OF _____
23
24 My Commission Expires: _____
25
```

## Page 136

```
1              UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
2                     AUSTIN DIVISION
3  JULIA TEAGUE,            )
                            )
4    Plaintiff,             )
                            )
5  VS.                      )  CIVIL ACTION NO. 1:19-cv-940
                            )
6  OMNI HOTELS MANAGEMENT   )
   CORPORATION, and TRT     )
7  HOLDINGS, INC.,          )
                            )
8    Defendants.            )
                            )
9                           )
10
              ------------------------------------
11
                    REPORTER'S CERTIFICATION
12
                         CARISSA SMITH
13
                   WEDNESDAY, MARCH 4, 2020
14
              ------------------------------------
15
16         I, Jacqueline Love-Worline, CSR, Certified
17 Shorthand Reporter in and for the State of Texas, hereby
18 certify to the following:
19         That the witness, CARISSA SMITH, was duly sworn
20 and that the transcript of the deposition is a true record of
21 the testimony given by the witness;.
22         I further certify that pursuant to FRCP Rule
23 30(f)(1) that the signature of the deponent was requested by
24 the deponent or a party before the completion of the deposition
25 and is to be returned within 30 days from date of receipt of
```

## Page 137

```
1  the transcript. If returned, the attached Changes and
2  Signature Pages contain any changes and the reasons
3  therefor;.
4          That pursuant to information given to the
5  deposition officer at the time said testimony was taken,
6  the following includes all parties of record and the
7  amount of time used by each party at the time of the
8  deposition:
9          MR. CAPONI: (3 HOURS 29 MINUTES)
10         FOR: PLAINTIFF
11         MS. POWITZKY: (0 HOURRS 0 MINUTES)
12         FOR: DEFENDANT
13         That $_____ is the deposition officer's
14 charges to the Initiating Party for preparing the original
15 deposition and any copies of exhibits.
16         I further certify that I am neither counsel for,
17 related to, nor employed by any of the parties in the
18 action in which this proceeding was taken, and further
19 that I am not financially or otherwise interested in the
20 outcome of this action.
21         Certified to by me on this _____ day of
22 _____, 2020.
23
24
25
```