# Exhibit "3"

# Transcript of the Testimony of
# David Jurcak

## Date:

July 16, 2020

## Case:

JULIA TEAGUE vs OMNI HOTELS MANAGEMENT

David Jurcak

July 16, 2020
Pages 14 to 17

Page 14

1 training?
2     MS. APPLING: Objection; ambiguous.
3     A. All the training would have been singular in
4 it's entirety of discrimination, antidiscrimination.
5     Q. (BY MR. KAPLAN) Who conducted the training?
6 Do you recall?
7     MS. APPLING: Objection; ambiguous.
8     A. HR directors or -- HR directors.
9     Q. (BY MR. KAPLAN) Okay. And do you remember
10 just generally what the training told you about
11 antipregnancy discrimination or anti-FMLA
12 discrimination?
13     A. I don't believe that those two discriminations
14 terms would have been called out in that training. It
15 would have been that there was no discrimination based
16 upon standard EEOC, race, color, creed, sexual
17 orientation, age, those types of discrimination.
18     Q. Okay. And so did you receive any training
19 specifically on antidiscrimination for pregnancy or
20 FMLA?
21     MS. APPLING: Objection; compound.
22     A. Not -- nothing that I can remember particularly
23 to the antidiscrimination for pregnancy or FMLA.
24     Q. (BY MR. KAPLAN) Okay. Do you know why -- why
25 you were not brought back to Barton Creek after you

Page 15

1 departed initially the week of May 10?
2     MS. APPLING: Objection; assumes facts not
3 in evidence.
4     A. It was a decision on behalf of Omni Hotels to
5 not bring me back.
6     Q. (BY MR. KAPLAN) Okay. And was anything
7 communicated to you about why that decision was made?
8     A. I had a conversation -- I had a conversation
9 with our president and HR, corporate HR director in
10 advance of that decision that I wanted to explore other
11 opportunities, and then, they made the decision that it
12 would be best that I leave Barton Creek.
13     Q. Okay. Let me ask, in general, a question.
14     Did Omni treat Julia Teague differently in
15 any way because of her pregnancy?
16     A. No.
17     MS. APPLING: Objection; form.
18     Q. (BY MR. KAPLAN) And did Omni treat Julia
19 Teague differently in any way because she took FMLA
20 leave?
21     MS. APPLING: Objection; form.
22     A. No.
23     Q. (BY MR. KAPLAN) So let me ask this.
24     Omni did not treat Julia Teague differently
25 when it separated her employment on the basis of

Page 16

1 pregnancy?
2     MS. APPLING: Objection; form.
3     A. No.
4     Q. (BY MR. KAPLAN) Okay. And Omni didn't treat
5 her differently than others with respect to pregnancy
6 FMLA when it did not rehire her for the DOM position?
7     MS. APPLING: Objection; form.
8     A. I'm uncertain. I wasn't involved in any of
9 that decision.
10     Q. (BY MR. KAPLAN) Okay. What about when Omni --
11 it was the case that Omni did not offer Julia a task
12 force position, correct?
13     MS. APPLING: Objection; form.
14     A. Correct.
15     Q. (BY MR. KAPLAN) Okay. And in not offering her
16 a task force position, did Omni treat her differently in
17 any way than others because of her pregnancy or FMLA
18 leave?
19     MS. APPLING: Objection; compound.
20     Q. (BY MR. KAPLAN) You can go ahead.
21     A. I believe I answered it. I -- I thought I
22 answered it no, no.
23     Q. And just to sum up, Omni did not treat her
24 differently at all in any way with respect to her
25 pregnancy or FMLA leave than other employees, correct?

Page 17

1     MS. APPLING: Objection; asked and
2 answered.
3     A. Correct.
4     Q. (BY MR. KAPLAN) If the Barton Creek -- well,
5 the Barton Creek initially -- strike that.
6     The initial plan was that the Barton Creek
7 Resort would stay open during the renovation, correct?
8     A. Correct.
9     Q. Okay. If the resort stayed open as planned,
10 was Omni going to replace Teague in the DOM position?
11     A. No.
12     Q. Okay. And was Omni -- in that, if the resort
13 stayed open as planned, was Omni going to revise the DOM
14 position to change it in any way?
15     MS. APPLING: Objection; speculation.
16     A. No intent at the time, no.
17     Q. (BY MR. KAPLAN) Okay. And if the resort was
18 going to stay open as planned, was Omni going to hire
19 someone else to assist with marketing or anyone else in
20 marketing?
21     MS. APPLING: Objection; speculation.
22     A. There may have been additional people that we
23 would have hired.
24     Q. (BY MR. KAPLAN) Is there --
25     A. I -- I -- it's hard for me to answer. I can't

**Page 186**

```
 1         I, DAVID JURCAK, have read the foregoing
    deposition and hereby affix my signature that same is
 2  true and correct, except as noted on the correction
    page.
 3
 4
                 _____
 5               DAVID JURCAK
 6
 7
    THE STATE OF TEXAS    )
 8  COUNTY OF _____ )
 9
           Before me _____ on
10  this day personally appeared, DAVID JURCAK, known to me
    (or proved to me under oath or through
11  _____) (description of identity
    card or other document) to be the person whose name is
12  subscribed to the foregoing instrument and acknowledged
    to me that they executed the same for the purposes and
13  consideration therein expressed.
           Given under my hand and seal of office this
14  _____ day of _____, 2020.
15
16
              _____
17            NOTARY PUBLIC IN AND FOR
              THE STATE OF T E X A S
18
19
20  My Commission Expires:
    _____
21
22
23
24
25
```

**Page 188**

```
 1  That pursuant to the information given to the deposition
 2  officer at the time said testimony was taken remotely,
 3  the following includes counsel for all parties of
 4  record:
 5      MR. AUSTIN KAPLAN,
             ATTORNEY FOR THE PLAINTIFF.
 6      MR. ANDREW B. COOPER,
             ATTORNEY FOR THE DEFENDANT.
 7
 8      That $_____ is the deposition officer's
 9  charges to the Plaintiff for preparing the original
10  deposition transcript and any copies of exhibits;
11      I further certify that I am neither counsel for,
12  related to, nor employed by any of the parties in the
13  action in which this proceeding was taken, and further
14  that I am not financially or otherwise interested in the
15  outcome of the action.
16      Certified to by me this 2nd of August, 2020.
17
18
19
20
21  _____
    Donna Qualls
22  Notary Public in and for
    The State of Texas
23  My Commission expires 11/02/2022
    Firm Registration No. 631
24  Kim Tindall & Associates, LLC
    16414 San Pedro, Suite 900
25  San Antonio, Texas 78232
    Phone: (866) 672-7880
```

**Page 187**

```
 1              UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
 2                    AUSTIN DIVISION
 3  JULIA TEAGUE,              §
    Plaintiff,                 §
 4                             §
    v.                         § CIVIL ACTION NO.
 5                             § 1:19-cv-940
    OMNI HOTELS MANAGEMENT     §
 6  CORPORATION, and           §
    TRT HOLDINGS, INC.         §
 7  Defendants.                §
 8
                 REPORTER'S CERTIFICATION
 9             DEPOSITION OF DAVID JURCAK
                    JULY 16, 2020
10
11      I, Donna Qualls, Shorthand Reporter and Notary
12  Public in and for the State of Texas, hereby certify to
13  the following:
14      That the witness, DAVID JURCAK, was duly sworn by
15  the officer and that the transcript of the oral
16  deposition is a true record of the testimony given by
17  the witness;
18      That the deposition transcript was submitted on
19  _____ to the witness or to the attorney for
20  the witness for examination, signature and return to Kim
21  Tindall & Associates, LLC, by _____;
22      That the amount of time used by each party at the
23  deposition is as follows:
24      MR. AUSTIN KAPLAN........03 HOUR(S) :46 MINUTE(S)
25      MS. TAYLOR APPLING.......00 HOUR(S) :01 MINUTE(S)
```