# Exhibit "4"

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIA TEAGUE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-940 |
| | § | |
| OMNI HOTELS MANAGEMENT | § | |
| CORPORATION, and | § | |
| TRT HOLDINGS, INC. | § | |
| Defendants. | § | |

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

TO:   Plaintiff Julia Teague, by and through her attorney of record Austin Kaplan, Kaplan Law Firm, PLLC, 406 Sterzing Street, Austin, Texas  78704:

Defendant Omni Hotels Management Corporation hereby serves its objections and responses to Plaintiff Julia Teague's First Requests for Production.

Respectfully submitted,

By:____/s/ *Rachel Powitzky Steely*_____
Rachel Powitzky Steely
State Bar No. 00792770
Email:  rsteely@foley.com
FOLEY GARDERE
FOLEY & LARDNER LLP
1000 Louisiana, Suite 2000
Houston, Texas  77002
Telephone:713-276-5500
Facsimile: 713-276-5555

1

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing was served this 13th day of February, 2020, via email and/or U.S. Certified Mail, RRR, on Plaintiff's counsel of record as follows:

>Austin Kaplan
>KAPLAN LAW FIRM, PLLC
>406 Sterzing Street
>Austin, TX  78704
>akaplan@kaplanlawatx.com

>/s/ *Rachel Powitzky Steely*
>Rachel Powitzky Steely

## <u>OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS</u>

Defendant objects to the instructions and definitions to the extent they refer to rules in jurisdictions other than where the Lawsuit is pending.

4815-0010-2065.4

## OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Plaintiff's personnel file with Defendant.

### RESPONSE:

**Defendant objects to this request because it is unreasonably cumulative or duplicative of information and documents already produced in this case, particularly the documents produced with Defendant's Initial Disclosures. This request fails to identify with reasonable particularity the documents being sought which have not already been produced.**

**Subject to, and without waiving the foregoing objections, please see the documents produced with Defendant's Initial Disclosures.**

### REQUEST FOR PRODUCTION NO. 2:

Plaintiff's payroll records with Defendant.

### RESPONSE:

**Defendant objects to this request because it is unreasonably cumulative or duplicative, and the information can be obtained from another source that is more convenient, less burdensome, or less expensive, namely Plaintiff herself.**

**Subject to, and without waiving the foregoing objections, Defendant will produce responsive documents in its possession, custody, or control to the extent that any such documents have not already been produced.**

### REQUEST FOR PRODUCTION NO. 3:

Documents concerning Plaintiff's compensation and benefits with Defendant.

### RESPONSE:

**Defendant objects to this request because it is unreasonably cumulative or duplicative of Request for Production No. 2, and because the requested information can be obtained from another source that is more convenient, less burdensome, or less expensive, namely Plaintiff herself.**

**Subject to, and without waiving the foregoing objections, please see Defendant's Response to Request for Production No. 2.**

4815-0010-2065.4

**REQUEST FOR PRODUCTION NO. 4:**

Agreements and acknowledgement forms signed by Plaintiff in connection with her employment with Defendant.

**RESPONSE:**

**Defendant objects to this request to the extent it seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Defendant further objects to the extent this request is unreasonably cumulative or duplicative of the documents produced in Defendant's Initial Disclosures and/or in response to Request for Production No. 1, and the request fails to identify with reasonable particularity the documents otherwise requested.**

**Subject to, and without waiving the foregoing objections, please see Defendant's Response to Request for Production No. 1.**

**REQUEST FOR PRODUCTION NO. 5:**

Training records and materials for Defendant that would have applied to Resort employees between 2015 and the present.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Defendant also objects that this request asks for information that is outside the scope of discovery because it is not proportional to the needs of the case because the information requested is of low importance to resolving the issues at stake in the action. Further, Defendant objects that such information of low importance covering a period of five years places a burden or expense on Defendant that outweighs its likely benefit.**

**REQUEST FOR PRODUCTION NO. 6:**

Defendant's equal employment opportunity and other personnel policies.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because undefined "other personnel policies" are not relevant to the claim or defense of any party. Defendant also objects that this request asks for information that is outside the scope of discovery because it is not proportional to the needs of the case because seeking out all of Defendant's "personnel policies" for all time places a burden or expense on Defendant that outweighs its likely benefit.**

**Subject to, and without waiving the foregoing objection, Defendant will produce its employee handbook in effect at the time of the adverse actions at issue in this case.**

4815-0010-2065.4

**REQUEST FOR PRODUCTION NO. 7:**

Documents and communications relating to, indicating, or reflecting Plaintiff's job performance with Defendant.

**RESPONSE:**

**Defendant objects to this request because it is unreasonably cumulative or duplicative of documents produced with Defendant's Initial Disclosures and/or in response to Request for Production No. 1.**

**Subject to, and without waiving the foregoing objections, please see documents produced with Defendant's Initial Disclosures and/or in response to Request for Production No. 1.**

**REQUEST FOR PRODUCTION NO. 8:**

Documents and communications relating to Plaintiff's termination.

**RESPONSE:**

**Defendant objects to this request because it is unreasonably cumulative or duplicative, and the information can be obtained from another source that is more convenient, less burdensome, or less expensive, namely Plaintiff herself.**

**Subject to, and without waiving the foregoing objections, documents produced with Defendant's Initial Disclosures and/or in response to Request for Production No. 1. Defendant will also produce additional responsive documents in its possession, custody, or control, if any.**

**REQUEST FOR PRODUCTION NO. 9:**

Documents and communications indicating or reflecting the individual(s) responsible for or involved in making the decision to terminate Plaintiff's employment.

**RESPONSE:**

**Defendant objects to this request because the information can be obtained from another source that is more convenient, less burdensome, or less expensive, namely Plaintiff herself. Defendant further objects to the extent this request is unreasonably cumulative or duplicative of the information sought in Requests for Production Nos. 1 and 8.**

**Subject to, and without waiving the foregoing objections, please see Defendant's Responses to Requests for Production Nos. 1 and 8. Defendant will also produce additional responsive documents in its possession, custody, or control, if any.**

4815-0010-2065.4

## REQUEST FOR PRODUCTION NO. 10:

Documents relating to Plaintiff's charge of discrimination.

## RESPONSE:

**Defendant objects to this request to the extent that the discovery sought can be obtained from another source that is more convenient, less burdensome, or less expensive, namely Plaintiff herself. Defendant further objects to this request because it is unreasonably cumulative or duplicative of Plaintiff's other requests, namely Request for Production No. 48.**

**Subject to, and without waiving the foregoing objections, Defendant will produce responsive documents in its possession, custody, or control.**

## REQUEST FOR PRODUCTION NO. 11:

Documents relating to Plaintiff's mitigation efforts.

## RESPONSE:

**Defendant objects to this request because the discovery sought can be obtained from another source that is more convenient, less burdensome, or less expensive, namely Plaintiff herself. Defendant further objects that this request asks for information that is outside the scope of discovery and not proportional to the needs of the case because Plaintiff's ability to obtain the information is similar, if not better, to that of Defendant.**

**Subject to, and without waiving the foregoing objections, Defendant does not have possession, custody, or control of responsive documents that have not already been produced in this case.**

## REQUEST FOR PRODUCTION NO. 12:

Documents and communications relating to Plaintiff's request for Family and Medical Leave Act ("FMLA") leave.

## RESPONSE:

**Defendant objects to this request because it is unreasonably cumulative and duplicative, and the discovery sought can be obtained from another source that is more convenient, less burdensome, or less expensive, namely Plaintiff herself.**

**Subject to, and without waiving the foregoing objections, Defendant will produce responsive documents in its possession, custody, or control.**

## REQUEST FOR PRODUCTION NO. 13:

Documents obtained from Plaintiff's medical providers.

**RESPONSE:**

**Defendant objects to this request because it is unreasonably cumulative or duplicative, and the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, namely Plaintiff herself. Defendant further objects because this request is overly broad in scope and time, and thus, it seeks information that is not proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, please see Defendant's response to Request for Production No. 12. Otherwise, Defendant does not have possession, custody, or control of responsive documents that have not already been produced in this case.**

**REQUEST FOR PRODUCTION NO. 14:**

Documents and communications relating to Plaintiff's work product or projects concerning the Country Club.

**RESPONSE:**

**Defendant further objects because this request is overly broad in scope and time, and thus, it seeks information that is not proportional to the needs of this case. Specifically, as written this request purports to require Defendant to search the email communications of all custodians it employs for even a passing reference to Plaintiff and the Country Club. Defendant also objects to this request because it is unreasonably cumulative or duplicative of information already produced in this case, and the information requested can be obtained from another source which is more convenient, less burdensome, or less expensive, namely Plaintiff herself.**

**Subject to, and without waiving the foregoing objection, Defendant will consult with Plaintiff's counsel on the specific documents Plaintiff is requesting.**

**REQUEST FOR PRODUCTION NO. 15:**

Any performance evaluations for Plaintiff conducted during her employment with Defendant.

**RESPONSE:**

**Defendant objects to this request because it is unreasonably cumulative or duplicative of the information sought by Requests for Production Nos. 1 and 7.**

**Subject to, and without waiving the foregoing objections, please see Defendant's Responses to Requests for Production Nos. 1 and 7.**

**REQUEST FOR PRODUCTION NO. 16:**

Correspondence and documents concerning Plaintiff's work performance for Defendant.

4815-0010-2065.4

**RESPONSE:**

**Defendant objects to this request because it is unreasonably cumulative or duplicative of the information sought by Requests for Production Nos. 1, 7, and 15. Defendant further objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Specifically, this request purports to require Defendant to search the email communications of all custodians it employs for even a passing reference to Plaintiff since the beginning of her employment with Omni and to determine whether each such communication concerns Plaintiff's work performance.**

**Subject to, and without waiving the foregoing objections, please see the documents produced in response to Requests for Production Nos. 1, 7, and 15.**

**REQUEST FOR PRODUCTION NO. 17:**

Documents and communications relating to the Resort's renovations, closure, and reopening.

**RESPONSE:**

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Specifically, as written this request purports to require Defendant to search the email communications of all custodians it employs for even a passing reference to the Resort's "renovations," "closure," and "reopening" dating as far back as the time period during which Omni first acquired the Resort up to the present. Defendant also objects to this request to the extent it is unreasonably duplicative and/or cumulative of Requests for Production Nos. 8 and 9.**

**Subject to, and without waiving the foregoing objections, Defendant will produce responsive documents within the scope of discovery.**

**REQUEST FOR PRODUCTION NO. 18:**

Documents concerning the job duties, job responsibilities, and job expectations for the position held by Plaintiff at the time of her termination, from 2012 through the present.

**RESPONSE:**

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit.  Specifically, as written this request purports to require Defendant to search all documents and all email communications of all custodians it employs**

for even a passing reference to any duty, responsibility, or expectation of Plaintiff's position spanning a period of more than eight (8) years.

**Subject to, and without waiving the foregoing objections, Defendant will produce responsive documents within the scope of discovery.**

## REQUEST FOR PRODUCTION NO. 19:

Documents and communications relating to any awards, commendations, or recognition given to Plaintiff for her job performance during her employment.

## RESPONSE:

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects to this request because it is unreasonably duplicative and/or cumulative of Requests for Production Nos. 1, 7, 15, and 16, and the information can be obtained from another source that is more convenient, less burdensome, or less expensive, namely from Plaintiff herself. Defendant also objects that the request is not proportional to the needs of the case because Plaintiff's ability to obtain the information is similar, if not better, to that of Defendant.**

**Subject to, and without waiving the foregoing objections, please see the documents produced in response to Requests for Production Nos. 1, 7, 15, and 16.**

## REQUEST FOR PRODUCTION NO. 20:

Documents and communications relating to the 2018 elimination of the Director of Marketing position formerly held by Plaintiff.

## RESPONSE:

**Defendant objects to this request because it seeks documents which are unreasonably duplicative and/or cumulative of those sought in Requests for Production Nos. 8, 9, and 17.**

**Subject to, and without waiving the foregoing objections, please see the documents produced in response to Requests for Production Nos. 8, 9, and 17.**

## REQUEST FOR PRODUCTION NO. 21:

Documents and communications relating to listing the Director of Marketing position for hire in 2018 after Plaintiff's termination.

4815-0010-2065.4

**RESPONSE:**

**Defendant objects to this request to the extent that it is unreasonably duplicative and/or cumulative of Request for Production No. 17.**

**Subject to, and without waiving the foregoing objections, Defendant will produce responsive documents in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 22:**

Documents and communications relating to Plaintiff's application and interview for the Director of Marketing position in 2018 after her termination.

**RESPONSE:**

**Defendant will produce responsive documents in its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 23:**

Other application materials submitted or reviewed in connection with interviewing, selecting, rejecting, and hiring candidates for the Director of Marketing position in 2018.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party.  Defendant also objects because this request is overly broad in scope, and thus, it seeks information that is not proportional to the needs of this case and places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects to this request to the extent it is unreasonably duplicative and cumulative of Request for Production No. 22.**

**Subject to and without waiving the foregoing objections, Defendant will produce responsive documents that are within the scope of discovery.**

**REQUEST FOR PRODUCTION NO. 24:**

Documents and communications relating to or describing the job functions of the Director of Marketing position as held by Plaintiff.

**RESPONSE:**

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs**

**of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Specifically, as written this request purports to require Defendant to search the email communications of all custodians it employs for even a passing reference to the "Director of Marketing" position since the beginning of Plaintiff's employment up to the present and to determine whether each such communication relates in any way to the position's job functions. Defendant further objects to this request because it is unreasonably duplicative and cumulative of the documents Plaintiff's seeks in Request for Production No. 18.**

**Subject to and without waiving the foregoing objections, Defendant will produce responsive documents that are within the scope of discovery.**

**REQUEST FOR PRODUCTION NO. 25:**

Documents and communications relating to or describing the job functions of the Director of Marketing position as they applied or would have applied to the individual(s) who held the position after Plaintiff.

**RESPONSE:**

**Defendant objects to this request because it is overly broad in scope and time and seeks unidentified documents that are outside the scope of discovery, and thus, it is not proportional to the needs of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Specifically, as written this request purports to require Defendant to search the email communications of all custodians it employs for even a passing reference to the "Director of Marketing" position since April 30, 2018 and to determine whether each such communication relates in any way to the position's job functions.**

**Subject to and without waiving the foregoing objections, Defendant will produce documents that are within the scope of discovery.**

**REQUEST FOR PRODUCTION NO. 26:**

Any typed and/or handwritten notes made by any employee of Defendant concerning Plaintiff, from May 2017 through the present.

**RESPONSE:**

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Specifically, as written this request purports to require Defendant to search the computers and offices of all of its employees for any notes containing even a passing reference to Plaintiff over a three-year period.**

**Subject to, and without waiving the foregoing objection, Defendant is not aware of any responsive documents that are within the scope of discovery and that have not already been or are in the process of being produced in response to Plaintiff's other Requests for Production. Discovery is ongoing, and Defendant will supplement its response to this request, as necessary, in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 27:**

Any communications, including texts and emails, between any employees of Defendant concerning Plaintiff, from May 2017 through the present.

**RESPONSE:**

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Specifically, as written this request purports to require Defendant to search the email communications and text messages of all of its employees for even a passing reference to Plaintiff over a three-year period.**

**Subject to, and without waiving the foregoing objection, Defendant is producing text message communications between Carissa Smith and Plaintiff and which are in Defendant's possession, custody, or control. Defendant is not aware of any other responsive documents that are within the scope of discovery and that have not already been produced or are in the process of being produced in response to Plaintiff's other Requests for Production. Discovery is ongoing, and Defendant will supplement its response to this request, as necessary, in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 28:**

Any communications, including texts and emails, between any employees of Defendant concerning the Director of Marketing position, from May 2017 through the present.

**RESPONSE:**

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Specifically, as written this request purports to require Defendant to search the email communications and text messages of all employees for even a passing reference to the "Director of Marketing" position over a three-year period. Defendant further objects to this request to the extent it is unreasonably cumulative or duplicative of Requests for Production Nos. 21, 23, 24, 25, and 27.**

**Subject to, and without waiving the foregoing objection, please see documents produced in response to Requests for Production Nos. 21, 23, 24, 25, and 27.**

13

## REQUEST FOR PRODUCTION NO. 29:

Any typed and/or handwritten notes made by any employee of Defendant concerning the Director of Marketing position, from May 2017 through the present.

## RESPONSE:

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Specifically, as written this request purports to require Defendant to search the computers and offices of all of its employees for any notes containing even a passing reference to the Director of Marketing position over a three-year period. Defendant further objects to this request to the extent it is unreasonably cumulative or duplicative of Requests for Production Nos. 22, 23, 25, and 26.**

**Subject to, and without waiving the foregoing objection, Defendant is not aware of any responsive documents that are within the scope of discovery and that have not already been produced in this case. Discovery is ongoing, and Defendant will supplement its response to this request, as necessary, in accordance with the Federal Rules of Civil Procedure.**

## REQUEST FOR PRODUCTION NO. 30:

Any performance evaluations for individuals employed in the Director of Marketing position subsequent to Plaintiff.

## RESPONSE:

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case. Defendant further objects that this request asks for information that is outside of the scope of discovery because it is not relevant to the claim or defense of any party.**

**Subject to, and without waiving the foregoing objections, Defendant will produce responsive documents, if any, with respect to Stephanie Baker, who was the successful candidate hired for the Director of Marking position to which Plaintiff applied.**

## REQUEST FOR PRODUCTION NO. 31:

Documents and communications relating to job performance for individuals employed in the Director of Marketing position subsequent to Plaintiff.

4815-0010-2065.4

**RESPONSE:**

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case. Defendant further objects that this request asks for information that is outside of the scope of discovery because it is not relevant to the claim or defense of any party. Defendant further objects to this request because it is unreasonably duplicative and cumulative of Request for Production No. 30.**

**Subject to, and without waiving the foregoing objections, please see documents produced in response to Request for Production No. 30.**

**REQUEST FOR PRODUCTION NO. 32:**

Documents and communications relating to the termination or departure of individuals formerly employed in the Director of Marketing position subsequent to Plaintiff.

**RESPONSE:**

**Defendant objects to this request because it is overly broad in scope and time and seeks information that is outside the scope of discovery, and thus, it is not proportional to the needs of this case. Defendant further objects that this request asks for information that is outside of the scope of discovery because it is not relevant to the claim or defense of any party.**

**Subject to, and without waiving the foregoing objections, Defendant will produce the termination paperwork with respect to Stephanie Baker, who was the successful candidate hired for the Director of Marking position to which Plaintiff applied.**

**REQUEST FOR PRODUCTION NO. 33:**

Defendant's policies, if any, regarding FMLA leave.

**RESPONSE:**

**Defendant objects that, to the extent this request is unlimited in temporal scope, it seeks information that is not proportional to the needs of this case and/or information that is not relevant to the claim or defense of any party and, thus, it is outside the scope of discovery.**

**Subject to and without waiving the foregoing objection, Defendant is producing its employee handbook in effect at the time of Plaintiff's FMLA leave.**

**REQUEST FOR PRODUCTION NO. 34:**

Defendant's policies, if any, regarding disability discrimination.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. There are no claims of disability discrimination at issue in this case. Defendant further objects to this request because it is unlimited in temporal scope and, thus, it seeks information that is not proportional to the needs of this case.**

**Subject to, and without waiving the foregoing objections, Defendant is producing its employee handbook in effect at the time of the adverse actions alleged in this case.**

### REQUEST FOR PRODUCTION NO. 35:

Defendant's policies, if any, regarding retaliation.

**RESPONSE:**

**Defendant objects that, to the extent this request is unlimited in temporal scope, it seeks information that is not proportional to the needs of this case and/or information that is not relevant to the claim or defense of any party and, thus, it is outside the scope of discovery.**

**Subject to, and without waiving the foregoing objections, Defendant is producing its employee handbook in effect at the time of the adverse actions alleged in this case.**

### REQUEST FOR PRODUCTION NO. 36:

Defendant's policies on accommodating disabilities, from 2015 through the present.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. There are no claims of disability accommodation at issue in this case. Defendant further objects to this request because it is overly broad in temporal scope and, thus, it seeks information that is not proportional to the needs of this case and that is not relevant to the claim or defense of any party.**

**Subject to, and without waiving the foregoing objections, Defendant is producing its employee handbook in effect at the time of the adverse actions alleged in this case.**

### REQUEST FOR PRODUCTION NO. 37:

Documents concerning pregnancy discrimination training, if any, provided by Defendant to their employees, from 2015 through the present.

4815-0010-2065.4

**RESPONSE:**

**Defendant objects because this request is overly broad in temporal scope, and thus, it seeks information that is outside the scope of discovery because it is not proportional to the needs of this case and is not relevant to the claim or defense of any party.**

**Subject to, and without waiving the foregoing objections, Defendant will produce responsive documents within the scope of discovery, if any.**

**REQUEST FOR PRODUCTION NO. 38:**

Documents concerning disability discrimination training, if any, provided by Defendant to their employees, from 2015 through the present.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. There are no claims of disability discrimination at issue in this case. Defendant further objects to this request because it is overly broad in temporal scope and, thus, it seeks information that is not proportional to the needs of this case and that is not relevant to the claim or defense of any party.**

**Subject to and without waiving the foregoing objections, Defendant will produce responsive documents within the scope of discovery, if any.**

**REQUEST FOR PRODUCTION NO. 39:**

Documents concerning allegations or claims of pregnancy discrimination by any of Defendant's employees, from 2015 to the present.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Defendant also objects that this request asks for information that is outside the scope of discovery because it is not proportional to the needs of the case because the information requested is of low importance to resolving the issues at stake in the action and because the issues at stake in this action involve solely an individual plaintiff, not a class of employees, and such issues are not of sufficient importance to justify discovery of the requested information. Defendant further objects to this request because it is overly broad in temporal scope and, thus, it seeks information that is not proportional to the needs of this case and that is not relevant to the claim or defense of any party.**

**REQUEST FOR PRODUCTION NO. 40:**

Documents concerning allegations or claims of FMLA discrimination or retaliation by any of Defendant's employees, from 2015 to the present.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Defendant also objects that this request asks for information that is outside the scope of discovery because it is not proportional to the needs of the case because the information requested is of low importance to resolving the issues at stake in the action and because the issues at stake in this action involve solely an individual plaintiff, not a class of employees, and such issues are not of sufficient importance to justify discovery of the requested information. Defendant further objects to this request because it is overly broad in temporal scope and, thus, it seeks information that is not proportional to the needs of this case and that is not relevant to the claim or defense of any party.**

**REQUEST FOR PRODUCTION NO. 41:**

Documents and correspondence concerning open director-level or above job positions for the Resort and/or other Omni locations in or around Austin, from May 2017 through the present.

**RESPONSE:**

**Defendant objects that this request seeks information about unidentified Omni locations "around Austin" because it is vague, ambiguous, and seeks information not relevant to the claim or defense of any party and, thus, it is outside the scope of discovery. Defendant further objects because this request is overly broad in scope and seeks information that is not proportional to the needs of this case, and the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Specifically, as written this request purports to require Defendant to search all email communications of all custodians it employs across all Omni locations "in or around Austin" over a three-year period for even a passing reference to an open director-level or above position.**

**Subject to, and without waiving the foregoing objections, Defendant will produce responsive documents within the scope of discovery.**

**REQUEST FOR PRODUCTION NO. 42:**

Defendant's internal and external job postings for director-level or above positions, if any, from May 2017 through the present.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because information on non-Marketing job postings is not relevant to the claim or defense of any party. Defendant also objects that this request seeks information not relevant to the**

claim or defense of any party due to the overly broad temporal scope of the request. **Defendant further objects to this request because it is unreasonably duplicative and cumulative of Request for Production No. 41.**

**Subject to, and without waiving the foregoing objections, please see documents produced in response to Request for Production No. 41.**

## REQUEST FOR PRODUCTION NO. 43:

Defendant's corporate organizational charts, from 2017 through the present.

## RESPONSE:

**Defendant objects that this request seeks information that is outside the scope of discovery because Defendant's "corporate organizational charts" during the requested time period are not relevant to the claim or defense of any party. Defendant further objects because this request is overly broad in scope and time, and thus, it seeks information that is not proportional to the needs of this case. Further, Defendant objects to this request to the extent that the information can be obtained from another source that is more convenient, less burdensome, or less expensive.**

## REQUEST FOR PRODUCTION NO. 44:

Documents and communications relating to layoffs, reductions in force, or eliminations of positions in 2018 at the Resort.

## RESPONSE:

**Defendant objects to this request because it is unreasonably cumulative or duplicative of Plaintiff's other discovery requests, including Requests for Production Nos. 8, 9, and 17. Defendant further objects because this request is overly broad in scope and seeks information that is not proportional to the needs of this case and places a burden or expense on Defendant that outweighs its likely benefit, and thus, it is outside the scope of discovery. Specifically, as written this request purports to require Defendant to search the email communications of all custodians it employs for even a passing reference to any layoff, reduction in force, or elimination of any positions, not just Plaintiff's position.**

**Subject to and without waiving the foregoing objections, Defendant will produce responsive documents within the scope of discovery.**

## REQUEST FOR PRODUCTION NO. 45:

Documents and communications relating to relocation and/or reassignment of employees in response to or in connection with the Resort's closure in 2018.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Defendant also objects that this request asks for information that is outside the scope of discovery because it is not proportional to the needs of the case because the information requested is of low importance to resolving the issues at stake in the action and because the issues at stake in this action involve solely an individual plaintiff, not a class of employees, and such issues are not of sufficient importance to justify discovery of the requested information.**

**Subject to, and without waiving the foregoing objections, Defendant will produce responsive documents within the scope of discovery.**

**REQUEST FOR PRODUCTION NO. 46:**

Documents and communications related to and/or supporting your contention that Plaintiff is estopped from asserting, or has waived her claims herein, as stated in Defendant's Answer and Affirmative Defenses.

**RESPONSE:**

**Defendant has not completed its investigation of the claims in this lawsuit and discovery is ongoing. Subject to and without waiving the foregoing objections, Defendant will produce responsive documents within its possession, custody, or control. Defendant will supplement its response to this request, as necessary, in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 47:**

Documents reflecting the reassignment of any of Plaintiff's job duties to any other employee of Defendant.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party.  Defendant also objects that this request asks for information that is outside the scope of discovery because it is not proportional to the needs of the case, as the information requested is of low importance to resolving the issues at stake in the action and places a burden or expense on defendant that outweighs its likely benefit. Defendant further objects to this request because it assumes facts not in evidence. Defendant further objects to this request as vague, ambiguous, and overbroad in scope and time.**

**Subject to and without waiving the foregoing objections, after a diligent search, Defendant identified no responsive documents. Discovery is ongoing and Defendant will supplement its**

response to this request, as necessary, in accordance with the Federal Rules of Civil Procedure.

## REQUEST FOR PRODUCTION NO. 48:

Correspondence and documents sent to and from the Equal Employment Opportunity Commission concerning Plaintiff.

## RESPONSE:

**Defendant objects to this request as unreasonably cumulative or duplicative of Plaintiff's other requests, namely Request for Production No. 10.**

**Subject to, and without waiving the foregoing objections, please see documents produced in response to Plaintiff's Request for Production No. 10.**

## REQUEST FOR PRODUCTION NO. 49:

Correspondence and documents sent to and from the Texas Workforce Commission concerning Plaintiff.

## RESPONSE:

**Defendant objects to this request because it assumes facts not in evidence.  Defendant further objects to this request as unreasonably cumulative or duplicative of Plaintiff's other requests, namely Request for Production No. 10.**

**Subject to, and without waiving the foregoing objection, please see Defendant's Response to Plaintiff's Request for Production No. 10.**

## REQUEST FOR PRODUCTION NO. 50:

Written or recorded statements concerning the termination of Plaintiff's employment with Defendant.

## RESPONSE:

**Defendant objects to this request as unreasonably cumulative or duplicative of Plaintiff's other requests, namely Requests for Production Nos. 8 and 9.**

**Subject to, and without waiving the foregoing objections, please see Defendant's Responses to Requests for Production Nos. 8 and 9.**

## REQUEST FOR PRODUCTION NO. 51:

All records that Defendant have obtained (whether by authorization or not) regarding Plaintiff.

**RESPONSE:**

**Defendant also objects that this request asks for information that is outside the scope of discovery because it is not proportional to the needs of the case because Plaintiff's ability to obtain the information is similar to that of Defendant. Defendant also objects to this request because it is vague, ambiguous, and overly broad in scope and time. Defendant further objects to this request because it fails to state with reasonable particularity the documents sought.**

**Subject to and without waiving the foregoing objections, please see documents produced in response to Request for Production No. 48. Discovery is ongoing and Defendant will supplement its response to this request, as necessary, in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 52:**

The documents Defendant intends to rely on in support of the matters pleaded in Defendant's Defenses and/or Affirmative Defenses.

**RESPONSE:**

**Defendant objects to this request because it is unreasonably cumulative and duplicative of the documents and information produced by Defendant, including without limitation, documents produced with Defendant's Initial Disclosure. Discovery is ongoing and Defendant will supplement its response to this request, as necessary, in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 53:**

All documents relating to or used by Defendant in answering Plaintiff's Interrogatories to Defendant.

**RESPONSE:**

**Defendant objects to this request because it is unreasonably cumulative and duplicative of the documents and information produced by Defendant, including without limitation, documents produced with Defendant's Initial Disclosure and documents produced in response to these Requests for Production. Discovery is ongoing and Defendant will supplement its response to this request, as necessary, in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 54:**

Personnel files of any employees (current or former) of Defendant terminated within one year of Defendant learning of that employee's pregnancy, from 2012 to present.

**RESPONSE:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Defendant also objects that this request asks for information that is outside the scope of discovery because it is not proportional to the needs of the case because the information requested is of low importance to resolving the issues at stake in the action and because the issues at stake in this action involve solely an individual plaintiff, not a class of employees, and such issues are not of sufficient importance to justify discovery of the requested information. Further, the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects to this request because "personnel files" is undefined, vague, and ambiguous, and the temporal scope of the request is overly broad and not proportional to the needs of the case.**

**REQUEST FOR PRODUCTION NO. 55:**

Documents and correspondence related to any Defendant's decision to lay off or fire employees of Defendant terminated within one year of Defendant learning of that employee's pregnancy, from 2012 to present.

**RESPONSE:**

**Defendant objects to this request to the extent it is unreasonably cumulative or duplicative of Request for Production No. 54. Defendant also objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. Defendant also objects that this request asks for information that is outside the scope of discovery because it is not proportional to the needs of the case because the information requested is of low importance to resolving the issues at stake in the action and because the issues at stake in this action involve solely an individual plaintiff, not a class of employees, and such issues are not of sufficient importance to justify discovery of the requested information. Further, the requested discovery places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects to this request because the temporal scope of the request is overly broad and not proportional to the needs of the case.**

**REQUEST FOR PRODUCTION NO. 56:**

All documents referenced in Defendant's responses to Plaintiff's Interrogatories to Defendant.

4815-0010-2065.4

**RESPONSE:**

**Defendant objects to this request to the extent it is unreasonably cumulative or duplicative of Plaintiff's other discovery requests, namely, Request for Production No. 53.**

**Subject to and without waiving the foregoing objections, Defendant will produce all responsive documents within its possession, custody, or control.**

**REQUEST FOR PRODUCTION NO. 57:**

Any agreement to arbitrate claims you contend Plaintiff signed with either or both Defendants.

**RESPONSE:**

**Defendant objects to this request because it is unreasonably cumulative or duplicative. Defendant further objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party.**

**Subject to, and without waiving the foregoing objection, please see documents produced with Defendant's Initial Disclosure and Defendant's Response to Request for Production No. 1.**

4815-0010-2065.4