Exhibit "5"

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIA TEAGUE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-940 |
| | § | |
| OMNI HOTELS MANAGEMENT | § | |
| CORPORATION, and | § | |
| TRT HOLDINGS, INC. | § | |
|     Defendants. | § | |

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S OBJECTIONS AND AMENDED ANSWERS TO PLAINTIFF'S  FIRST SET OF INTERROGATORIES**

TO:    Plaintiff Julia Teague, by and through her attorney of record Austin Kaplan, KAPLAN LAW FIRM, PLLC, 406 Sterzing Street, Austin, Texas  78704:

Defendant Omni Hotels Management Corporation hereby serves its Objections and Amended Answers to Plaintiff Julia Teague's First Set of Interrogatories.

Respectfully submitted,

By: /s/ *Rachel Powitzky Steely*
    Rachel Powitzky Steely
    State Bar No. 00792770
    Email:  rsteely@foley.com
    FOLEY GARDERE
    FOLEY & LARDNER LLP
    1000 Louisiana, Suite 2000
    Houston, Texas  77002
    Telephone:713-276-5500
    Facsimile: 713-276-5555

1

2

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the foregoing was served this 13th day of February, 2020, via email on Plaintiff's counsel of record as follows:

      Austin Kaplan
      KAPLAN LAW FIRM, PLLC
      406 Sterzing Street
      Austin, TX  78704
      akaplan@kaplanlawatx.com
      Telephone: 512-553-9390
      Fax: 512-692-2788

      /s/ *Rachel Powitzky Steely*
      Rachel Powitzky Steely

## OBJECTIONS AND AMENDED ANSWERS TO FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

### ANSWER:

**Defendant objects to this interrogatory as unreasonably duplicative and cumulative of the information contained in Defendant's Initial Disclosures.**

**Subject to and without waiving the foregoing objections, please see Defendant's Initial Disclosures.**

### INTERROGATORY NO. 2:

If Defendant is improperly identified, give its proper identification and state whether you will accept service of an amended summons and complaint reflecting the information furnished by you in answer hereto.

### ANSWER:

**Defendant Omni Hotels Management Corporation (hereinafter "Omni" or "Defendant" or "Defendant Omni") is properly identified.**

### INTERROGATORY NO. 3:

If you contend that some other person or legal entity is, in whole or in part, liable to Plaintiff in this matter, identify that person or legal entity and describe in detail the basis of said liability.

### ANSWER:

**Defendant Omni makes no such contention.**

### INTERROGATORY NO. 4:

Identify the individuals involved in Defendant's decision to end Plaintiff's employment with Defendant, the date(s) of the decision, and the reason(s) for the decision.

3

**ANSWER:**

**Defendant objects to this interrogatory because the phrase "Defendant's decision to end Plaintiff's employment" is vague, argumentative, and ambiguous.**

**Subject to and without waiving the foregoing objections, there was no specific "decision to end Plaintiff's employment." Rather, the decision was made to eliminate the positions that were not expected to be essential during the period of the Resort's closure, which included the Director of Marketing position because an on-site marketing team was not expected to be essential during the period of the Resort's closure.**

**Beginning at or near the time the decision was made to close the Resort in early January 2018 and throughout the month of January 2018, the following individuals were involved in deciding which positions would be eliminated as part of the Resort's reduction in force ("RIF"): David Jurcak, Sylvia Deer, Barbara Doucet, and Andrew Casperson. In early-to-mid January 2018, it was determined that Plaintiff's position would be eliminated as part of the Resort's RIF because there was no expected need for an on-site marketing team after January 29, 2018 and throughout a large period of the Resort's expected closure. Because the Resort did not need the services of a Director of Marketing after January 29, 2018, Plaintiff's position could have been eliminated along with others as early as the date of the RIF announcement on January 29, 2018; however, on or about January 24, 2018, Omni decided to retain Plaintiff as an employee until the next group of layoffs scheduled to take effect on April 30, 2018 so that she could maintain her benefits during her upcoming maternity leave.**

**INTERROGATORY NO. 5:**

Identify any employees of Defendant who worked for Defendant during their pregnancies, and whether they were granted any accommodations due to their pregnancy, childbirth, or related medical condition. This interrogatory is limited to the time period of 2012 to the present, and only to any pregnancy that Defendant was aware of.

**ANSWER:**

**Defendant objects that this request seeks information that is outside the scope of discovery because it is not relevant to the claim or defense of any party. There is no failure-to-accommodate claim at issue in this case. Defendant also objects that this request asks for information that is outside the scope of discovery because it is not proportional to the needs of the case. The private health information requested about non-party employees is of low importance to resolving the issues at stake in this action. The issues at stake in this action involve solely an individual plaintiff, not a class of employees, and such issues are not of sufficient importance to justify discovery of the requested information.**

**INTERROGATORY NO. 6:**

Identify Plaintiff's compensation and employee benefits in her position with Defendant at the time of her termination.

**ANSWER:**

**Defendant objects to this interrogatory because the discovery sought can be obtained from another source that is more convenient, less burdensome, and/or less expensive, namely from Plaintiff herself.**

**Subject to and without waiving the foregoing objections, Defendant is producing documentation reflecting Plaintiff's compensation and employee benefits, which can be found in the Benefits Summary and W-2 forms. Plaintiff also received the Non-Executive Committee Bonus Plan, which is described in the documents produced with Defendant's Initial Disclosures.**

**INTERROGATORY NO. 7:**

Identify the principal factual bases for Defendant's contention, in ¶ 72 of the Defenses and/or Affirmative Defenses section of Defendant's Answer to Plaintiff's Original Complaint, that "[b]y reason of her conduct, actions and statements, Plaintiff is estopped from asserting, or has waived her claims herein."

**ANSWER:**

**Defendant has not completed its investigation of the claims in this lawsuit and discovery is ongoing. Subject to and without waiving the foregoing objections, Plaintiff failed to timely assert her claim of pregnancy discrimination. Defendant will supplement its answer to this interrogatory in accordance with the Federal Rules of Civil Procedure.**


**INTERROGATORY NO. 8:**

Identify the individuals involved in Defendant's decision not to rehire Plaintiff in 2018 for the Director of Marketing position, the date(s) of the decision, and the reason(s) for the decision.

**ANSWER:**

**Defendant objects to this interrogatory because use of the term "rehire" in the phrase "decision not to rehire Plaintiff in 2018 for the Director of Marketing position" is vague, argumentative, and ambiguous.**

**Subject to and without waiving the foregoing objections, there was no decision not to "rehire" Plaintiff for the Director of Marketing position in 2018, as the new position involved different duties and criteria. Caryn Kboudi, Alayna Oram, Carissa Smith, and Chris Brychell were involved in the process of interviewing candidates for the elevated Director of Marketing position in 2018. Todd Raessler interviewed the final candidates for the elevated**

**Director of Marketing position and selected Stephanie Baker. The decision to provide an offer to Ms. Baker occurred on or about October 29, 2018, because Ms. Baker was the most qualified candidate for the elevated Director of Marketing position.**

**INTERROGATORY NO. 9:**

Identify any individuals employed by Defendant who were offered transfers, reassignments, or alternative positions by Omni and/or TRT Holdings in lieu of termination or reductions in force in connection with the Resort's closing in 2018.

**ANSWER:**

**Defendant objects that this request seeks information not proportional to the needs of the case because it seeks information about individuals who are not similarly-situated to Plaintiff. Defendant further objects that the request is outside the scope of discovery because it is not relevant to the claim or defense of any party. Because this request is overly broad in scope, Defendant further objects that it seeks information that is not proportional to the needs of this case and places a burden or expense on Defendant that outweighs its likely benefit. Defendant further objects that this discovery request is improper because it seeks information about a separate legal entity from TRT Holdings. Defendant Omni is not answering interrogatories or discovery requests on behalf of TRT Holdings.**

**Subject to and without waiving the foregoing objections, Individuals whose positions at the Resort were subject to elimination in January 2018 were allowed to obtain other open positions within the organization for which they were qualified and in which they expressed interest. Additionally, Omni provided individuals whose positions at the Resort were subject to elimination in 2018 the opportunity to attend job fairs that would have provided them the opportunity to apply for and/or obtain other open position within the organization following the announcement of the Resort's closure in January 2018.**

**INTERROGATORY NO. 10:**

Identify the individuals involved in making the decisions to offer any of Defendant's employees transfers, reassignments, or alternative positions in lieu of termination or reductions in force in connection with the Resort's closing in 2018.

**ANSWER:**

**Defendant objects that this request seeks information about individuals who are not similarly-situated to Plaintiff, which is outside the scope of discovery because it is not relevant to the claim or defense of any party. Because this request is overly broad in scope, Defendant further objects that it seeks information that is not proportional to the needs of this case and places a burden or expense on Defendant that outweighs its likely benefit because it requires Omni to gather information regarding individuals not similarly situated to Plaintiff.**

**Subject to and without waiving the foregoing objections, individuals whose positions at the Resort were subject to elimination in January 2018 were provided information regarding other open positions within the organization for which they were qualified and in which they expressed interest. Barbara Doucet, Sylvia Deer, and Caryn Kboudi were involved in gathering and/or providing such information to those individuals. Sylvia Deer was also involved in organizing job fairs to be attended by individuals whose positions at the Resort were subject to elimination in 2018.**

**Discovery is ongoing and Defendant will supplement its answer to this interrogatory should additional individuals responsive to this request become known.**

### INTERROGATORY NO. 11:

Identify the primary differences in responsibility and job description between the Director of Marketing position held by Plaintiff and the Director of Marketing position hired for in 2018 after Plaintiff's termination.

### ANSWER:

**In connection with Omni's multi-million dollar renovation of the Barton Creek Resort & Spa, the Director of Marketing position was elevated and expanded in 2018. Differences between the Director of Marketing position for which Plaintiff applied in 2018 (the "2018 position") and Plaintiff's previous position include, without limitation, the following:**

- **Unlike the position held by Plaintiff which focused on designing, developing, and implementing marketing campaign initiatives that directly support the Resort, the 2018 position would be responsible for designing, developing, and implementing marketing campaign initiatives that directly support the Resort and the Country Club.**
- **The 2018 position would also be responsible for maximizing membership opportunities and retention for the Country Club through direct sales, marketing, and promotion of the Country Club's offerings and amenities to current and future members; whereas, the old position held by Plaintiff was not as focused on Country Club membership, retention, and internal promotion.**

### INTERROGATORY NO. 12:

Identify alternative positions, transfers, or reassignments that Defendant considered offering to Plaintiff in lieu of termination in 2018.

4838-8779-8198.3

**ANSWER:**

**Defendant objects that the phrases "alternative positions, transfers, or reassignments" and "considered offering to Plaintiff in lieu of termination" are vague and ambiguous.**

**Subject to and without waiving the foregoing objections, Defendant provided Plaintiff the opportunity to attend job fairs that would have provided her the opportunity to apply for and/or obtain other open position within the organization following the announcement of the Resort's closure in January 2018. Plaintiff did not request "alternative positions, transfers, or reassignments" "in lieu of termination." Discovery is ongoing and Defendant will supplement its answer to this interrogatory should responsive information become known.**

**INTERROGATORY NO. 13:**

Identify the individuals involved in Defendant's hiring decision for the Director of Marketing position in 2018 after Plaintiff's termination, the date(s) of the hiring decision, and the reason(s) for the hiring decision.

**ANSWER:**

**Defendant objects to this interrogatory because it is vague, ambiguous, and unreasonably duplicative and/or cumulative of Interrogatory No. 8.**

**Subject to and without waiving the foregoing objections, Caryn Kboudi, Alayna Oram, Carissa Smith, and Chris Brychell were involved in the process of interviewing candidates for the elevated Director of Marketing position in 2018. Todd Raessler interviewed the final candidates for the elevated Director of Marketing position and selected Stephanie Baker. The decision to provide an offer to Ms. Baker occurred on or about October 29, 2018, because Ms. Baker was the most qualified candidate for the elevated Director of Marketing position.**

4838-8779-8198.3