**FILED**

**JUL 0 2 2021**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                        DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIA TEAGUE,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 1:19-cv-940-JN |
| OMNI  HOTELS  MANAGEMENT<br>CORPORATION, | §<br>§<br>§<br>§ | |
| Defendant. | §<br>§ | |

## VERDICT

### Question No. 1

Has Plaintiff Teague proved that her pregnancy was a motivating factor in Defendant Omni's decisions to terminate her employment.

Answer "Yes" or "No."

___No_____

July 2, 2021

**Question No. 2**

If you answered "Yes" to Question 1, then answer Question 2.

Has Omni proved that it would have made the same decision to terminate Plaintiff's employment, even without consideration of Plaintiff's pregnancy?

       Answer "Yes" or "No": _____

4835-8495-8704.1

## Question No. 3

Has Plaintiff Julia Teague proved that her pregnancy was a motivating factor in Omni's decision not to hire her for the Director of Marketing position in November 2018?

Answer "Yes" or "No": ___*No*___

4835-8495-8704.1

**Question No. 4**

If you answered "Yes" to Question 3, then answer Question 4.

Has Omni proved that it would have made the same decision not to hire Plaintiff for the Director of Marketing position in 2018, even without consideration of Plaintiff's pregnancy?

       Answer "Yes" or "No": _____

**Regardless of how you answered Questions No. 1 – 4, go to Question 5.**

4835-8495-8704.1

## Question No. 5

Has Plaintiff Teague proved that Defendant Omni would not have terminated her in the absence of—in other words, but for— her FMLA-protected activity?

Answer "Yes" or "No."

<u>No</u>

5

**Question No. 6**

Has Plaintiff Teague proved that Defendant Omni would have hired her for the Director of Marketing position in November 2018 in the absence of—in other words, but for—her FMLA-protected activity?

Answer "Yes" or "No":

_No_

6

## Question No. 7

Has Plaintiff Teague proved that Defendant Omni failed or refused to restore Plaintiff to her same or equivalent job position upon her return from FMLA leave?

Answer "Yes" or "No."

Yes

4835-8495-8704.1

**Question No. 8**

Has Defendant Omni proved that Plaintiff Teague's same job, or an equivalent one, would have no longer been available to her because of reasons unrelated to her FMLA leave?

Answer "Yes" or "No."

No

8

4835-8495-8704.1

**Question No. 9**

Did Plaintiff Teague engage in any conduct that would constitute misconduct for which Omni would have legitimately refused to hire Plaintiff for the new Director of Marketing position in 2018?

Answer "Yes" or "No"

_No_

4835-8495-8704.1

Only answer the question below if you have found that Omni discriminated against Plaintiff based on pregnancy in Questions No. 1 or 3, or that Omni violated the FMLA in Question No. 5, 6, or 7. Otherwise, do not answer Question No. 10.

**Question No. 10**

If you answered "Yes" to Questions No. 9 above, then in your answer below, do not include any amount of money past the date Omni would have not hired Plaintiff for engaging in the misconduct you found in answer to Question No. 9.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Teague for the damages, if any, you have found Defendant Omni caused Plaintiff Teague?

Answer in dollar and cents, if any.

Back pay, if any, from May 1, 2018 to December 31, 2018: $ _16,296.62_

10

Only answer the question below if you have found that Omni discriminated against Plaintiff based on pregnancy in Questions No. 1 or 3. Otherwise, do not answer this question.

**Question No. 11**
What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for compensatory damages, if any, you have found Omni caused Plaintiff?

      Answer in dollars and cents, if any.

    1.    Emotional pain and suffering, inconvenience, mental anguish, or loss
        of enjoyment of life.

        $_____

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

JURY FORPERSON

11

4835-8495-8704.1