UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JULIA TEAGUE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-940-JN |
| | § | |
| OMNI HOTELS MANAGEMENT | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER
MOTION FOR ENTRY OF FINAL JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Julia Teague ("Plaintiff" or "Teague") respectfully files this Reply in Support of her Motion for Entry of Final Judgment.

### I. Liquidated Damages are Warranted

1.  The FMLA damages provision is patterned after the FLSA,[1] is presumptive like the FLSA,[2] and plaintiffs are entitled to liquidated damages automatically unless Defendant proves otherwise.

2.  The "automatic trigger of liquidated damages under the FMLA shows Congress' desire to compensate employees in the delay of wages due to their employer's FMLA violation."[3]

---

[1] *See e.g., Schonewolf v. Waste Mgmt.*, No. 17-3745, 2018 U.S. Dist. LEXIS 44139 (E.D. Pa. 2018), and compare 29 U.S.C. §§ 216(b), 260, with 29 U.S.C. § 2617.

[2] "There is a strong presumption in favor of awarding liquidated damages [under the FMLA] that are double the amount." *Thom v. American Standard, Inc.*, 666 F.3d 968, 976 (6th Cir. 2012). To avoid such payment, an employer who is found to have violated the FMLA must show that "it honestly intended to ascertain the dictates of the FMLA and to act in conformance with it." *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 868 (8th Cir. 2006). The Defendant has the burden to convince the Court that its FMLA violation was made in good faith and that it had reasonable grounds for believing the act or omission was not a violation of the FMLA. 29 U.S.C. §2617(a)(1)(A)(iii); *see also Brown v. Nutrition Mgmt. Serv. Co.*, 370 Fed. Appx. 267 (3d Cir. 2010).

[3] *Schonewolf v. Waste Mgmt.*, No. 17-3745, 2018 U.S. Dist. LEXIS 44139 (E.D. Pa. 2018) (citing *Jordan v. U.S. Postal Serv.*, 379 F.3d 1196, 1201-02 (10th Cir. 2004) (citing S. Rep. No. 103-3, at 35 (1993), reprinted in 1993 U.S.C.C.A.N. 3, 37 (providing that the FMLA's "enforcement scheme is modeled on the enforcement scheme of the FLSA" and "[t]he relief provided in FMLA also parallels the provisions of the FLSA") and holding that liquidated

3.      The standard is: "an employer who violates the FMLA shall be liable for an additional amount as liquidated damages unless the employer proves to the satisfaction of the court that the act or omission which violated [the FMLA] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation. The FMLA provides that a court shall award liquidated damages equal to the damages due to lost compensation plus interest. The employer carries the burden to establish that its failure to obey the FMLA was in good faith. Even if a trial court is satisfied that an employer acted both in good faith and reasonably, [however,] it may still award liquidated damages at its discretion in any amount up to that allowed by 29 U.S.C. § 216(b).  The district court's discretion to reduce the liquidated damages must be exercised consistently with the strong presumption under the statute in favor of doubling."[4]

4.      "Although the FMLA does not define good faith, courts have held that [t]o establish good faith, an employer should demonstrate that it took active steps to ascertain the dictates of the FMLA and attempted to comply with the statute. Courts should consider whether an employer had a subjective intent to comply with the FMLA and whether it acted objectively reasonable in its application of the FMLA. [T]he subjective component of good faith involves an employer's honest intention to ascertain what the [FMLA] requires and to act in accordance with it, and the objective aspect of good faith considers the employer's reasonable grounds for believing its conduct comported with the [FMLA]."[5]

5.      Omni does not dispute that it failed to train the decision-makers in this case on FMLA compliance.  Omni instead argues it had "reasonable grounds for believing the elimination did not

---

damages under the FMLA serve the same purpose of liquidated damages under the FLSA because they compensate the employee "occasioned by the delay in receiving wages due caused by the employer's violation").

[4] *Crain v. Schlumberger Tech. Co*., No. 15-1777, 2017 U.S. Dist. LEXIS 25352, at *10-11 (E.D. La. 2017) (internal citations and quotations omitted).

[5] *Id.* (Internal citations and quotations omitted).

violate the FMLA by consulting legal counsel for guidance." Dkt 106 p.2.

6.      Omni failed to establish sufficient evidence of this. Omni states it presented evidence from two witnesses that relied on the advice of counsel in making its RIF decision with respect to Plaintiff,[6] but provided no evidence of what the alleged legal opinion was, who provided it, whether it was written, when it was communicated, to whom, what it specifically directed personnel to do, whether it was followed, and how the actions allegedly based on it complied with the FMLA's requirement to provide protected leave. The Court cannot determine reasonableness of a belief that advice complied with the law without knowing what the advice was.[7]

7.      Like the *Stanton* case cited by Omni (where the court entered full liquidated damages), Omni failed to call as witnesses at trial those who opined on compliance (here, Omni's lawyer or lawyers) and therefore introduced no competent evidence regarding subjective good faith of compliance of the advice with the law. Also, Omni's trial witnesses did not testify as to what its lawyers did or did not advise or opine about compliance with the FMLA.

8.      Omni also provides no evidence of whether it was reasonable to rely on this alleged compliance advice—for example if the lawyers were Board Certified in Labor and Employment law, whether they practiced employment law with any frequency, what experience if any they had with the FMLA, or whether they reviewed or analyzed the FMLA, its regulations, or the caselaw in providing advice. Omni did not provide any exhibit containing the alleged legal opinion or any information on what was in it, or what was said, or whether it was followed. Omni also failed to cite to the record in its Response to show what the exact testimony is that proves its subjective or

---

[6] To the extent Omni relies on these as proof of what was actually said out of court, they are inadmissible hearsay.
[7] Omni explains that following discussions with Omni's legal department, "Omni postponed Plaintiff's termination date by three months to April 30, 2018 to allow Plaintiff to receive short term disability benefits while on maternity leave and an amount of additional paid time off benefits that Plaintiff could only earn if employed on her anniversary date, April 16, 2018." Dkt. 106 p. 4. This argument, that Omni somehow put Plaintiff in a better position by firing her when it did, was rejected by the jury and does nothing to support good faith where the FMLA has no exception for "putting the employee in a better position" by interfering with leave.

objective good faith, despite its burden on these issues.

9. Furthermore, even if Omni could carry its burden by citing to legal advice in January, the inquiry does not end there because Plaintiff continued to have FMLA protection and reinstatement rights through April. Omni failed to provide any argument or evidence (or any other legal advice or opinions) as to how it acted in good faith during the pendency of Plaintiff's FMLA leave from February to April while multiple marketing positions were open but Omni did not offer them to Plaintiff or consider Plaintiff for them. Omni also failed to provide any evidence of good faith as to why it did not restore Plaintiff to the same or similar position in April upon the expiration of her FMLA leave when the evidence showed that there was a marketing need and her direct supervisor sought and received approval to re-post her job position.

10. Omni's arguments to the contrary are irrelevant. Omni opens with a contention of unknown provenance about the amount Plaintiff will seek in fees and costs for successfully prosecuting her claim. The amount is incorrect, and fees incurred are irrelevant to the liquidated damages analysis. Omni next argues that such an allegedly straightforward FMLA inquiry does not warrant "doubling." If relevant, this point weighs against Omni's reasonable belief of compliance since a good-faith inquiry on a "straightforward" claim would have revealed Omni had to restore Plaintiff to work. Omni's later attempt to shoehorn in punitive damages is irrelevant for two reasons: (1) the only claim at issue here is FMLA interference which does not provide for punitive damages, and (2) punitive damages require *Plaintiff* to prove things like malice *after* termination, whereas good faith is *Defendant's* burden and requires proof of subjective and objectively reasonable actions by Defendant *before* termination.[8]

11. Defendant's arguments about intent under other statutes are irrelevant and misleading for

---

[8] Put another way: lack of malice does not prove the presence of (or evidence of) good faith.

similar reasons—the burdens and standards are different. Intentional animus is not an element of an FMLA interference claim. The jury had no questions on good faith. And finally, the only case Omni cites where a court rejected liquidated damages is *Hoge*, a distinguishable non-binding out of circuit case dealing with an ***unsettled*** issue regarding the timing of an employer's duty to restore an employee from FMLA leave—none of which was present in this case.

12. Omni did not carry its burden, and this Court should thus award full liquidated damages.

## II. Prime Rate Interest Is Warranted

13. Plaintiff does not object to the use of simple (instead of compound) interest to calculate prejudgment interest. However, Plaintiff maintains that pre-judgment simple interest must be calculated at the prime rateThe standard practice used by most district courts is to apply the current prime rate published by the Federal Reserve System Board of Governors as the appropriate pre-judgment interest rate in FMLA cases. *See, e.g., Crankshaw*, 2019 WL 3883566, at *3; *Carroll*, No. H-10-3108, 2014 WL 549380, at *4 n.1; *Stanton v. Jarvis Christian Coll.,* No. 6:18-CV-479-JDK-JDL, 2020 WL 5269439 (E.D. Tex. Aug. 27, 2020) ("Most district courts apply the current prime rate published by the Federal Reserve System Board of Governors as the appropriate pre-judgment interest rate in FMLA cases.") (collecting cases applying the prime rate to pre-judgment interest in FMLA cases).

14. Defendant's reliance on *Reeled Tubing, Inc. v. M/V Chad G*, 794 F.2d 1026, 1029 (5th Cir. 1986) is misplaced, as that case involved a negligence judgment, not the FMLA. Accordingly, the Court should grant Plaintiff's request for pre-judgment simple interest at the federal prime rate of 3.25%, applied from the date of Plaintiff's termination to the date of final judgment.[9]

---

[9] Plaintiff calculates this interest as $1,677.21 based on a starting principal of $16,296.62, a rate of 3.25%, and a time period of 3.1667 years (representing the period from May 1, 2018, to July 1, 2021). With an award of liquidated damages, an additional equal amount of prejudgment interest would also be added for a total of $3,354.42.

### III. Conclusion

Plaintiff respectfully requests the Court enter judgment on behalf of Plaintiff in the form Plaintiff submitted, including an award of liquidated damages, with pre- and post-judgment interest as calculated herein.

Respectfully Submitted,

**KAPLAN LAW FIRM, PLLC**
406 Sterzing Street
Austin, Texas 78704
Telephone: (512) 553-9390
Telecopier: (512) 692-2788
www.kaplanlawatx.com

By: */s/ Austin Kaplan*
**Austin Kaplan**
State Bar No. 24072176
akaplan@kaplanlawatx.com